UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD T. HANLEY, et al., )
)
        Plaintiffs, )
) CASE NO. 99 C 1486
v. )
) HON. NAN R. NOLAN
COMO INN, INC., AN ILLINOIS ) MAGISTRATE JUDGE
CORPORATION, et al., )
)
        Defendants. )

**FILED FEB 1 2 2003**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED FEB 2 6 2003

### PLAINTIFFS' MOTION FOR ORDER TO COMPEL DISCOVERY COMPLIANCE BY DEFENDANT LAWRENCE MARCHETTI BY DATE CERTAIN AND TO EXTEND DISCOVERY AND FOR SANCTIONS

Plaintiffs, EDWARD T. HANLEY, et al., pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby move for the entry of an Order to Compel Discovery Compliance by Defendant LAWRENCE MARCHETTI by Date Certain and to Extend Deadline for Discovery and for Sanctions. In support thereof, plaintiffs state:

1. The Complaint is an ERISA collection action for unpaid employer contributions and withdrawal liability due to the HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE and PENSION FUND by the defendants.

1. On August 18, 2000, defendant LAWRENCE MARCHETTI was served with Plaintiffs' Combined Second Set of Interrogatories and Second Request For Production of Documents (hereinafter "Second Interrogatories").

2. On August 31, 2001, defendant LAWRENCE MARCHETTI served Responses to Plaintiffs' Combined Second Set of Interrogatories and Second Request for Production of Documents Directed to Defendant LAWRENCE MARCHETTI ("Defendant's Responses"). A true and genuine



copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference.

3. On November 12, 2001, defendant LAWRENCE MARCHETTI served Supplemental Responses to Plaintiffs' Combined Second Set of Interrogatories and Second Request for Production of Documents Directed to Defendant LAWRENCE MARCHETTI ("Defendant's Supplemental Responses"). A true and genuine copy of which is attached hereto as Exhibit 2 and is incorporated herein by reference.

4. By letter dated December 16, 2002, plaintiffs notified defendants of plaintiffs' remaining objections to Defendant's Responses and Supplemental Responses. True and genuine copies of the December 16, 2002 letter and referenced enclosures are attached hereto as Exhibit 3 and are incorporated herein by reference.

5. By letter dated January 21, 2003, defendant LAWRENCE MARCHETTI's counsel responded to the December 16, 2002 letter. A true and genuine copy of which is attached hereto as Exhibit 4 and is incorporated herein by reference.

6. By letter dated January 22, 2003, plaintiffs responded to the January 21, 2003 letter. A true and genuine copy of which is attached hereto as Exhibit 5 and is incorporated herein by reference.

7. Thereafter, plaintiffs' counsel has attempted to contact defendant LAWRENCE MARCHETTI's counsel by telephone but has been unable to do so.

8. To date, defendant LAWRENCE MARCHETTI has not further supplemented defendant's responses to Plaintiffs' Second

Interrogatories. Pursuant to the General Rules of the United States District Court, Northern District of Illinois, plaintiffs' counsel has attempted to resolve this matter and has made a good faith effort to obtain the discovery responses from defendant prior to taking court action.

9. The written discovery served by plaintiffs on defendant is relevant, reasonable, and necessary to the prosecution of the Complaint. Plaintiffs are unable to proceed with the depositions of defendants without supplemental responses to Plaintiffs' Second Interrogatories.

10. Pursuant to Rule 37(a) of the F.R.Civ.P., plaintiffs request entry of an order to compel discovery compliance by defendant LAWRENCE MARCHETTI as requested in plaintiffs' December 16, 2002 letter related to Interrogatories No. 1-9.

11. In the alternative, pursuant to Rule 37(c) of the F.R.Civ.P., plaintiffs request that if defendant LAWRENCE MARCHETTI does not supplement its response to Plaintiffs' Second Interrogatories, that defendant be barred from the introduction or use of any additional facts or documentation that were not previously disclosed during discovery in support of or in opposition to a motion for summary judgment and at trial, if a trial is necessary.

12. Plaintiffs have on two previous occasions filed a motion to compel responses to discovery against defendant LAWRENCE MARCHETTI. Plaintiffs withdrew these motions without prejudice.

13. Pursuant to Rule 37(a) of the F.R.Civ.P., plaintiffs

request entry of an order for sanctions against defendant LAWRENCE MARCHETTI for failure to respond to Plaintiffs' Second Interrogatories.

16. Plaintiffs request that the Court extend the close of discovery.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter an order:

1. That defendant LAWRENCE MARCHETTI answer under oath and in writing Plaintiffs' Combined Second Set of Interrogatories and Second Request For Production of Documents Interrogatory numbers 1-9 by a date certain.

2. In the alternative, if defendant LAWRENCE MARCHETTI does not supplement his response to Plaintiffs' Second Interrogatories number 1-9, that defendant is barred from the introduction or use of any facts or documentation that were not previously disclosed in discovery in support of or in opposition to a motion for summary judgment and at trial, if a trial is necessary.

3. That sanctions are entered against defendant LAWRENCE MARCHETTI for failure to respond to Plaintiffs' Second Interrogatories.

4. That the close of discovery is extended.

5. For such other relief deemed meet and just.

Respectfully submitted,

By: _____
Attorney

Mark A. Spadoro
Anthony E. Napoli
Joanne M.K. Kellogg
Hanley & Spadoro
29 South LaSalle Street
Suite 425
Chicago, Illinois 60603
(312) 782-9700

PWF\2COMOINN\DISCOVERYcompel\LAWRENCEcompel

## CERTIFICATION

Plaintiffs' attorney certifies that plaintiffs have in good faith attempted to confer with defendant in an effort to secure the discovery information and materials from defendant without court action.

_____
Attorney

# SEE CASE FILE FOR EXHIBITS