UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 1 2 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EDWARD T. HANLEY, et al., )
)
    Plaintiffs, )
)
v. ) CASE NO. 99 C 1486
)
COMO INN, INC., AN ILLINOIS ) HON. NAN R. NOLAN
CORPORATION, et al., ) MAGISTRATE JUDGE
)
    Defendants. )

DOCKETED FEB 2 6 2003

**PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF
RESPONSES OF DEFENDANTS SAG BRIDGE ENTERPRISES, STEFANO
MARCHETTI, AND MONTEFIORI COLLECTIONS TO PLAINTIFFS'
FIRST, SECOND, AND THIRD REQUEST FOR ADMISSION AND FOR SANCTIONS**

    Plaintiffs, EDWARD T. HANLEY, et al., pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, hereby move for the Court to Determine the Sufficiency of Responses of Defendants SAG BRIDGE ENTERPRISES, STEFANO MARCHETTI, and MONTEFIORI COLLECTIONS to Plaintiffs' First, Second, Third Request for Admission and for Sanctions. In support thereof, plaintiffs state:

    1.    The Complaint is an ERISA collection action for unpaid employer contributions and withdrawal liability due to the HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE and PENSION FUND by the defendants.

    2.    On August 24, 2001, defendants SAG BRIDGE ENTERPRISES, LTD., AN ILLINOIS CORPORATION ("SAG BRIDGE"), STEFANO MARCHETTI, and MONTEFIORI COLLECTION, LTD., AN ILLINOIS CORPORATION ("MONTEFIORI") were served with Plaintiffs' First Request for Admission of Facts and Genuineness of Documents ("First Request for Admission").

    3.    On August 30, 2001, defendants SAG BRIDGE, STEFANO

MARCHETTI, and MONTEFIORI were served with Plaintiffs' Second Request for Admission of Facts and Genuineness of Documents ("Second Request for Admission").

4. Pursuant to prior agreement of the parties, on October 12, 2001 defendants SAG BRIDGE, STEFANO MARCHETTI, and MONTEFIORI served Defendants' Response to Plaintiffs' First Request for Admission of Facts and Genuineness of Documents ("Defendants' First Response") and Second Request for Admission of Facts and Genuineness of Documents ("Defendants' Second Response"). A true and genuine copy of Defendants' First Response is attached hereto as Exhibit 1 and is incorporated herein by reference and a true and genuine copy of Defendants' Second Response is attached hereto as Exhibit 2 and is incorporated herein by reference.

5. On October 15, 2001, defendants SAG BRIDGE, STEFANO MARCHETTI, and MONTEFIORI were served with Plaintiffs' Third Request for Admission of Facts and Genuineness of Documents ("Third Request for Admission").

6. Pursuant to F.R.Civ.P. Rule 36(a), defendants did not within 30 days after service of Plaintiffs' Third Request for Admission submit an answer to the requests for admission nor did defendants request additional time to answer, therefore, plaintiffs deemed admitted Plaintiffs' Third Request for Admission.

7. On November 12, 2001, defendants SAG BRIDGE, STEFANO MARCHETTI, and MONTEFIORI served Defendants' Supplemental Responses to Plaintiffs' First and Second Request for Admission of Facts and Genuineness of Documents ("Defendants' Supplemental Response"). A

true and genuine copy of Defendants' Supplemental Response is attached hereto as Exhibit 3.

8. By letter dated December 14, 2002, plaintiffs notified defendants of plaintiffs remaining objections to Defendants' First and Second Response and advised that plaintiffs deemed admitted Plaintiffs' Third Request for Admission. A true and genuine copy of which is attached hereto as Exhibit 4 and is incorporated herein by reference.

9. By minute order dated January 7, 2003 pursuant to defendants' oral motion, the Court granted defendants until January 21, 2003 to respond to Plaintiffs' Third Request for Admission. Thereafter, the plaintiffs agreed to allow defendants additional time to respond to plaintiffs' Third Request for Admission to allow defendants time to inspect documents related to Plaintiffs' Third Request for Admission.

10. On February 3, 2003, defendants served Defendants' Response to Plaintiffs' First Request for Admission of Facts and Genuineness of Documents ("Defendants' Third Response"). A true and genuine copy of Defendants' Third Response is attached hereto as Exhibit 5 and is incorporated herein by reference.

11. Defendants have not further supplemented their responses to Plaintiffs' First and Second Request for Admission.

12. On February 4, 2003, plaintiffs' counsel and defendants' counsel had a telephone conversation pursuant to the General Rules of the United States District Court, Northern District of Illinois, to attempt to resolve this matter, and plaintiffs have made a good

faith effort to obtain answers to Plaintiffs' First, Second, and Third Request for Admission from defendants prior to taking court action.

13. A party is not permitted to merely rely on lack of personal knowledge, the party is required to make reasonable inquiry and must demonstrate that a reasonable inquiry was under taken, including inquiry as to third parties, if necessary. Rule 36(a) of the F.R.Civ.P.; Lambert v. Owens, 2002 U.S.Dist. Lexis 14789, *3 (N.D.Ill. 2002). A reasonable inquiry includes investigation and inquiry of the parties' officers, administrators, agents, employees, servants, or other personnel who may have information which may lead to or furnish the necessary response. Rule 36(a) of the F.R.Civ.P.; Taborn v. Unknown Officers, 2001 U.S.Dist. Lexis 1932, *3 (N.D.Ill. 2001).

14. Matters relating to the application of law to fact are within the scope of a request for admission, certain of plaintiffs' Request for Admission relate to the application of law to fact, therefore, defendants reliance on English v. Cowell, 117 F.R.D. 132, 135 (C.D. Ill. 1986) is not applicable and defendants' objections are improper.

15. Regarding Request for Admission numbers 115, 117-120, 122, 123, 129, and 135-138, defendant STEFANO MARCHETTI is either an officer, director, and shareholder or a beneficiary of each entity for whom plaintiffs submitted certain Requests for Admission. Defendant STEFANO MARCHETTI can either admit or deny the documents which each admission is requested and has not

demonstrated that a reasonable inquiry was undertaken.

16. Regarding Request for Admission numbers 117-119, 137, and 138, defendant SAG BRIDGE produced these documents in discovery and defendants have provided reason for defendants SAG BRIDGE and MONTEFIORI's failure to admit or deny the documents which each admission is requested and have not demonstrated that a reasonable inquiry was undertaken.

17. Regarding Request for Admission No. 135 and 136, these are public documents filed with the U.S. District Court, Northern District of Illinois, defendants have failed to demonstrate that a reasonable inquiry was taken to support defendants SAG BRIDGE, MONTEFIORI COLLECTION, and STEFANO MARCHETTI's failure to admit or deny the documents which each admission is requested.

18. Regarding Request for Admission numbers 1-20, 27, 28, 31, 34-38, 47, 52, 54, 61, 74, 128-134, defendants have failed to demonstrate that a reasonable inquiry was taken.

19. Plaintiffs request that if the Court does not strike Defendants' Responses to Plaintiffs' First, Second, and Third Request for Admission numbers 1-24, 27, 28, 30-54, 57, 60, 61, 74, 115, 117-120, 122, 123, 128-138 that defendants be barred from the introduction or use of any facts or documentation disputing each Request for Admission that were not previously disclosed during discovery in support of or opposition to a motion for summary judgment and at trial, if a trial is necessary.

20. Pursuant to Rule 37(a) of the F.R.Civ.P., plaintiffs request entry of an order for sanctions against defendants SAG

5

BRIDGE ENTERPRISES, STEFANO MARCHETTI, and MONTEFIORI COLLECTION for failure to properly respond to Plaintiffs' First, Second, and Third Request for Admission numbers 1-24, 27, 28, 30-54, 57, 60, 61, 74, 115, 117-120, 122, 123, 128-138.

21.  Plaintiffs request that the Court: (1) strike the minute order entered January 7, 2003 and deem admitted Plaintiffs' Third Request for Admission and (2) deem admitted Plaintiffs' First and Second Request for Admission.  Plaintiffs also request that the close of discovery is extended from March 15, 2003.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter an order:

1. Striking Defendants' Responses to Plaintiffs' First, Second, and Third Request for Admission directed to defendants SAG BRIDGE ENTERPRISES, STEFANO MARCHETTI, and MONTEFIORI COLLECTION numbers 1-24, 27, 28, 30-54, 57, 60, 61, 74, 115, 117-120, 122, 123, 128-138 for failure to comply with Rule 36 of the Federal Rules of Civil Procedure.

2. That the Court order defendants SAG BRIDGE ENTERPRISES, STEFANO MARCHETTI, and MONTEFIORI COLLECTION to serve supplemental responses to Plaintiffs' First, Second, and Third Request for Admission numbers 1-24, 27, 28, 30-54, 57, 60, 61, 74, 115, 117-120, 122, 123, 128-138 by a date certain.

3. In the alternative, that the Court deem admitted defendants SAG BRIDGE ENTERPRISES, STEFANO MARCHETTI, and MONTEFIORI COLLECTIONs' answers to Plaintiffs' First, Second, Third Request for Admission numbers 1-24, 27, 28, 30-54, 57, 60, 61, 74, 115, 117-120, 122, 123, 128-138 for failure to comply with Rule 36 of the Federal Rules of Civil Procedure.

4. That if the Court does not strike defendants' Responses to Plaintiffs' First, Second, and Third Request for Admission directed to defendants SAG BRIDGE ENTERPRISES, STEFANO MARCHETTI, and MONTEFIORI COLLECTION numbers 1-24, 27, 28, 30-54, 57, 60, 61, 74, 115, 117-120, 122, 123, 128-138, that the defendants SAG BRIDGE ENTERPRISES, STEFANO MARCHETTI, and MONTEFIORI COLLECTION be barred from the introduction or use of any facts or documentation disputing each Request for Admission that was not previously disclosed during discovery in support of or opposition to a motion for summary judgment and at trial, if a trial is necessary.

5. That if Court does not strike defendants' Responses to Plaintiffs' First Request for Admission directed to defendants SAG BRIDGE ENTERPRISES, STEFANO MARCHETTI, and MONTEFIORI COLLECTION numbers 1-24, 27, 28, 30-54, 57, 60, 61, 74, 115, 117-120, 122, 123, 128-138, that plaintiffs be granted additional time to conduct discovery regarding defendants' Responses to Plaintiffs' First Request for Admission numbers 1-24, 27, 28, 30-54, 57, 60, 61, 74, 115, 117-120, 122, 123, 128-138.

6. That appropriate sanctions be entered against defendants SAG BRIDGE ENTERPRISES, STEFANO MARCHETTI, and MONTEFIORI COLLECTION for failure to comply with Rule 36 of the Federal Rules of Civil Procedure.

7. That the close of discovery is extended.

8. For such other relief deemed meet and just.

Respectfully submitted,

By: _____
   Attorney

Mark A. Spadoro
Anthony E. Napoli
Joanne M.K. Kellogg
Hanley & Spadoro
29 South LaSalle Street
Suite 425
Chicago, Illinois 60603
(312) 782-9700

PWF\2COMOINN\ADMISSION\SAGBRIDGEcompel

### CERTIFICATION

Plaintiffs' attorney certifies that plaintiffs have in good faith attempted to confer with defendants in an effort to secure the discovery information and materials from defendants without court action.

_____
Attorney

See Case File for Exhibits