FILED
FEB 1 2 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
FEB 2 6 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD T. HANLEY, et al., )
        Plaintiffs, )
                  ) CASE NO. 99 C 1486
v. )
                  ) HON. NAN R. NOLAN
COMO INN, INC., AN ILLINOIS ) MAGISTRATE JUDGE
CORPORATION, et al., )
                  )
        Defendants. )

**PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF THE
ANSWERS OF DEFENDANT LAWRENCE MARCHETTI TO
PLAINTIFFS' FIRST, SECOND, AND THIRD REQUEST FOR ADMISSION
AND FOR SANCTIONS**

    Plaintiffs, EDWARD T. HANLEY, et al., pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, hereby move for the Court to Determine the Sufficiency of the Answers of Defendant LAWRENCE MARCHETTI to Plaintiffs' First, Second, and Third Request for Admission and for Sanctions. In support thereof, plaintiffs state:

    1. The Complaint is an ERISA collection action for unpaid employer contributions and withdrawal liability due to the HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE and PENSION FUND by the defendants.

    2. On October 20, 2000, defendant LAWRENCE MARCHETTI was served with Plaintiffs' First Request for Admission of Facts and Genuineness of Documents ("First Request for Admission").

    3. On August 24, 2001, defendant LAWRENCE MARCHETTI was served with Plaintiffs' Second Request for Admission of Facts and Genuineness of Documents ("Second Request for Admission").

    4. On September 4, 2001, defendant LAWRENCE MARCHETTI served Responses to Plaintiffs' First Request for Admission of Facts and

Genuineness of Documents ("Defendant's First Response"). A true and genuine copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference.

5. On September 26, 2001, defendant LAWRENCE MARCHETTI served Responses to Plaintiffs' Second Request for Admission of Facts and Genuineness of Documents ("Defendant's Second Response"). A true and genuine copy of which is attached hereto as Exhibit 2 and is incorporated herein by reference.

6. On October 3, 2001, defendant LAWRENCE MARCHETTI served Defendant's Supplemental Response to Plaintiffs' Request For Admission ("Supplemental Response"). A true and genuine copy of the October 3, 2001 letter and Supplemental Responses are attached hereto as Exhibit 3 and is incorporated herein by reference.

7. On October 15, 2001, defendant LAWRENCE MARCHETTI was served with Plaintiffs' Third Request for Admission of Facts and Genuineness of Documents ("Third Request for Admission").

8. On November 14, 2001, defendant LAWRENCE MARCHETTI served Responses to Plaintiffs' Third Request for Admission of Facts and Genuineness of Documents ("Defendant's Third Response"). A true and genuine copy of which is attached hereto as Exhibit 4 and is incorporated herein by reference.

9. By letter dated December 16, 2002, plaintiffs notified defendants of plaintiffs' remaining objections to Defendant's Responses. True and genuine copies of the December 16, 2002 letter and referenced enclosures are attached hereto as Exhibit 5 and are incorporated herein by reference.

10. By letter dated January 21, 2003, defendant LAWRENCE MARCHETTI's counsel responded to the December 16, 2002 letter. A true and genuine copy of which is attached hereto as Exhibit 6 and is incorporated herein by reference.

11. By letter dated January 22, 2003, plaintiffs responded to the January 21, 2003 letter. A true and genuine copy of which is attached hereto as Exhibit 7 and is incorporated herein by reference.

12. Thereafter, plaintiffs' counsel has attempted to contact defendant LAWRENCE MARCHETTI's counsel by telephone but has been unable to do so.

13. To date, defendants have not supplemented their Responses to Plaintiffs' First, Second, and Third Request for Admission numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128, and 130-134.

14. Pursuant to the General Rules of the United States District Court, Northern District of Illinois, plaintiffs' counsel has attempted to resolve this matter and has made a good faith effort to obtain answers to Plaintiffs' First, Second, and Third Request for Admission from defendant LAWRENCE MARCHETTI prior to taking court action.

15. A party is not permitted to merely rely on lack of personal knowledge, the party is required to make reasonable inquiry and must demonstrate that a reasonable inquiry was under taken, including inquiry as to third parties, if necessary. Rule 36(a) of the F.R.Civ.P.; Lambert v. Owens, 2002 U.S.Dist. Lexis

14789, *3 (N.D.Ill. 2002). A reasonable inquiry includes investigation and inquiry of the parties' officers, administrators, agents, employees, servants, or other personnel who may have information which may lead to or furnish the necessary response. Rule 36(a) of the F.R.Civ.P.; Taborn v. Unknown Officers, 2001 U.S.Dist. Lexis 1932, *3 (N.D.Ill. 2001).

16. Matters relating to the application of law to fact are within the scope of a request for admission, certain of plaintiffs' Request for Admission relate to the application of law to fact, therefore, defendants reliance on English v. Cowell, 117 F.R.D. 132, 135 (C.D. Ill. 1986) is not applicable and defendant's objections are improper.

17. Plaintiffs request that the Court determine the sufficiency of defendant LAWRENCE MARCHETTI's Responses to Plaintiffs' First, Second, Third Request for Admission numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128, and 130-134 to strike as unresponsive defendant's answers to these Requests for Admission, and to order defendant to properly respond to these Requests for Admission. In the alternative, plaintiffs request that the Court deem admitted defendant LAWRENCE MARCHETTI's answers to Plaintiffs' First, Second, and Third Request for Admission numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128, and 130-134.

18. Plaintiffs request that if defendant LAWRENCE MARCHETTI's Responses to Plaintiffs' First, Second, and Third Request for Admission numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128,

4

and 130-134 are not struck, that defendant be barred from the introduction or use of any facts or documentation disputing each Request that was not previously disclosed during discovery in support of or in opposition to a motion for summary judgment and at trial, if a trial is necessary.

19. Pursuant to Rule 37(a) of the F.R.Civ.P., plaintiffs request entry of an order for sanctions against defendant LAWRENCE MARCHETTI for failure to properly respond to Plaintiffs' First, Second, and Third Request for Admission numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128, and 130-134.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter an order:

    1. Striking Defendant's Responses to Plaintiffs' First, Second, and Third Request for Admission directed to defendant LAWRENCE MARCHETTI numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128, and 130-134 for failure to comply with Rule 36 of the Federal Rules of Civil Procedure.

    2. That defendant LAWRENCE MARCHETTI serve supplemental responses to Plaintiffs' First, Second, and Third Request for Admission numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128, and 130-134 by a date certain.

    3. In the alternative, that the Court deem admitted defendant LAWRENCE MARCHETTI's answers to Plaintiffs' First, Second, and Third Request for Admission numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128, and 130-134 for failure to comply with Rule 36 of the Federal Rules of Civil Procedure.

    4. That if the Court does not strike defendant LAWRENCE MARCHETTI's Responses to Plaintiffs' First, Second, and Third Request for Admission numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128, and 130-134, that the defendant is barred from the introduction or use of any facts or documentation disputing each Request for Admission that was not previously disclosed during discovery in support of or in opposition to a motion for summary judgment or and at trial, if a trial is necessary.

    5. That if Court does not strike defendant's Responses to Plaintiffs' First, Second, and Third Request for Admission directed

5

to defendant LAWRENCE MARCHETTI numbers 5-12, 31, and 55, 109, 117, 118, 119, 127, 128, and 130-134, that plaintiffs are granted additional time to conduct discovery regarding Defendant's Responses.

6. That sanctions are entered against defendant LAWRENCE MARCHETTI for failure to comply with Rule 36 of the Federal Rules of Civil Procedure.

7. For such other relief deemed meet and just.

Respectfully submitted,

By: _____
Attorney

Mark A. Spadoro
Anthony E. Napoli
Joanne M.K. Kellogg
Hanley & Spadoro
29 South LaSalle Street
Suite 425
Chicago, Illinois 60603
(312) 782-9700

PWF\2COMOINN\ADMISSION\LAWRENCEcompel

## CERTIFICATION

Plaintiffs' attorney certifies that plaintiffs have in good faith attempted to confer with defendants in an effort to secure the discovery information and materials from defendants without court action.

_____
Attorney

# SEE CASE FILE FOR EXHIBITS

