UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD T. HANLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 99 C 1486 |
| | ) |
| COMO INN, INC., AN ILLINOIS | ) Honorable Han R. Nolan |
| CORPORATION, et al., | ) Magistrate Judge |
| | ) |
| Defendants. | ) |

DOCKETED MAR 19 2003

FILED MAR 18 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

### DEFENDANT, LAWRENCE MARCHETTI'S, RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS ANSWER TO PLAINTIFF'S FIRST, SECOND AND THIRD REQUEST FOR ADMISSIONS.

NOW COMES the Defendant, Lawrence Marchetti, by and through the undersigned attorney, and in Response to Plaintiff's Motion to Determine the Sufficiency of Answers to the Defendant's Request for Admissions states:

1.  Plaintiff is served 138 Requests to Admit upon this Defendant. Plaintiff now complains that only 12 answers to those Requests to Admit are somehow deficient. Plaintiff's motion, however, is improper and should be denied.

2.  Plaintiff first claims that Defendant's response to Request to Admit 31 is improper. Request to Admit 31 asks this Defendant to admit that another Defendant, Como Inn, breached a collective bargaining agreement by failing to make monthly contributions, by omitting and failing to accurately report certain eligible employees of the Co-Defendant, Como Inn and that by reason of those breaches there is due and owing various sums which the Plaintiffs calculate in Request to Admit 31. Request to Admit 31 actually contains 6 columns of information regarding payments due for various periods to the welfare and pension funds. Defendant answered the request to admit by stating that after a reasonable inquiry the Defendants cannot truthfully admit or deny the matters of which an admission is requested. The Defendant stands by that answer. The Defendant cannot answer a request for admission to which, even after a reasonable inquiry, the Defendant has no knowledge of the truth or falsity of the allegations. Further, the request to admit on its face consists of

several legal conclusions which are improper under cases interpreting appropriate responses to a request to admit. See e.g. *English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986)

3. The next answer to the Plaintiff's Request to Admit of which Plaintiff's complain is request number 55. Request number 55 asks this Defendant to admit that a Co-Defendant is in default with the meaning of Erisa Section 4219(c)(5)(A), 29 U.S.C. §1399(c)(5)(A) and consequently that Como Inn is liable for immediate payment of its withdrawal liability in the amount in excess of $240,000 plus interest and statutory damages. Plaintiff's request for admission number 55 is unquestionably seeking a legal conclusion which is beyond the scope of a request for admission.

4. Similarly, Request to Admit 109 seeks a legal conclusion that "all such trades and businesses (whether or not incorporated) which are under common control shall be treated as a single employer." That request for admission is not a request for an admission of fact or a truthfulness of documents but rather seeks a legal conclusion which is beyond the scope of a proper request for admission.

5. Request to Admit 118 requests that the Defendant admit that documents produced by another Defendant, of which this Defendant has no connection, are true and correct documents. That request, like request number 119, cannot be admitted or denied by this Defendant because this Defendant did not produce the document. The Defendant cannot be expected to admit or deny the truthfulness of the documents which was not generated by the Defendant nor was the document produced by the Defendant.

6. The same is true of request number 127 and 128. In those requests a Plaintiff asks this Defendant to admit that documents produced by another Defendant are true and correct copies. This Defendant, Lawrence Marchetti, did not generate those documents nor did the Defendant produce those documents. The Defendant accordingly cannot truthfully admit or deny the allegations in request to admit 127 and 128.

7. Request 130 through 134, and 138 were similarly answered by this Defendant as being incapable of admitting or denying whether the documents stated in those requests to admit were true and genuine copies. The documents requested in those request to admit were documents of the Plaintiff's own auditors. Only the Plaintiff, and not this Defendant

would have knowledge of their genuineness. Further, the Plaintiff can presumably introduce these documents in evidence simply by calling the keeper of records as a witness.

WHEREFORE, the Defendant, Lawrence Marchetti, request that this Court deny Plaintiff's Motion to Determine the Sufficiency of Answers of Defendant Lawrence Marchetti to Plaintiff's First, Second and Third Request for Admissions. Defendant further requests that this Court deny any request for sanctions.

Respectfully submitted,

_____
Attorney for Defendant

Mark D. Roth
ORUM & ROTH
Attorney Number: 37547
53 W. Jackson Boulevard
Suite 1616
Chicago, IL 60604
(312) 922.6262
(312) 922.7747 Fax

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD T. HANLEY, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 99 C 1486 |
| COMO INN, INC., AN ILLINOIS CORPORATION, et al., | ) ) ) ) | Honorable Nan R. Nolan Magistrate Judge |
| Defendants. | ) ) | |

**FILED** MAR 19 2003

**DOCKETED** MAR 19 2003

### NOTICE OF FILING

**TO:** Robert Reda, Esq., Fioretti, Des Jardins & Reda, 8 South Michigan Avenue, Suite 3400, Chicago, IL 60603

Anthony Napoli, Hanley & Spadoro, 29 S. LaSalle Street, Suite 415, Chicago, IL 60603

PLEASE TAKE NOTICE that on the 18th day of March, 2003, we have filed with the Clerk of the United States District Court For The Northern District Of Illinois, Eastern Division, the attached **DEFENDANT LAWRENCE MARCHETTI'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST, SECOND AND THIRD REQUEST FOR ADMISSIONS.**

ORUM & ROTH

By: _____
Attorneys for Defendant

Mark D. Roth
ORUM & ROTH
53 West Jackson Blvd.
Chicago, IL 60604-3606
(312) 922-6262

### PROOF OF SERVICE

The undersigned being first duly sworn on oath, deposes and says the attached above-referenced document was served on all Attorneys of Record as listed above, by facsimile, hand delivery and/or enclosing a copy of same in an envelope, and depositing in the U.S. Mail from 53 West Jackson Blvd., Chicago, Illinois, 60604, on the 18th of March, 2003.

_____

SUBSCRIBED and SWORN to
before me this 18th day of March, 2003.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
LORI A. BARRY
Notary Public, State of Illinois
My Commission Expires 12/31/05