# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1486 | **DATE** | 4/25/2003 |
| **CASE TITLE** | Hanley vs. Como Inn Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing and ruling on motions held. For the reasons stated in the attached Memorandum Opinion and Order, Plaintiffs' motions to determine the sufficiency of the answers to Requests for Admission and motion to compel discovery from Stefano Marchetti are granted in part and denied in part [72-1, 74-1, 75-1]. Plaintiffs' motion to compel discovery from Lawrence Marchetti is denied [73-1]. Plaintiffs' motions for sanctions are also denied [74-2, 75-2]. Defendants' amended responses are due by May 9, 2003. Status hearing set for May 27, 2003 at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 28 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 84 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| cav | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD T. HANLEY, et al., )
)
          Plaintiffs, )
)
vs. ) Case No. 99 C 1486
)
COMO INN, INC., )
an Illinois corporation, et al., )
)
          Defendant. )

**DOCKETED**
**APR 2 8 2003**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following motions by plaintiffs Edward T. Hanley, et al.: (1) Motion to Determine the Sufficiency of the Answers of Defendant Lawrence Marchetti to Plaintiffs' First, Second, and Third Request for Admission and for Sanctions; (2) Motion to Determine the Sufficiency of Responses of Defendants Sag Bridge Enterprises, Stefano Marchetti, and Montefiori Collections to Plaintiffs' First, Second, and Third Request for Admission and for Sanctions; (3) Motion for Order to Compel Discovery Compliance by Defendant Stefano Marchetti by Date Certain and to Extend Discovery and for Sanctions; and (4) Motion for Order to Compel Discovery Compliance by Defendant Lawrence Marchetti by Date Certain and to Extend Discovery and for Sanctions. The Court addresses each motion below.

### DISCUSSION

**A.   Requests to Admit**

Two of plaintiffs' motions challenge the sufficiency of defendants' answers to requests to admit. Under Fed. R. Civ. P. 36(a), a party may serve on any other party a written request for the admission of the truth of matters relating to statements or opinions of fact or the application of

law to fact. *See Heyman v. Beatrice Co.*, No. 89 C 7381, 1994 WL 258903, at *1 (N.D. Ill. June 9, 1994). Requests for admission are not discovery devices but, rather, "are used to establish the truth or genuineness of a matter in order to eliminate the need to prove the matter at trial or to limit the triable issues of fact." *Taborn v. Unknown Officers*, No. 00 C 652, 2001 WL 138908, at *1 (N.D. Ill. Feb. 16, 2001). *See also C&F Packing Co. v. IBP, Inc.*, No. 93 C 1601, 1994 WL 36874, at *5 (N.D. Ill. Feb. 7, 1994) ("the purpose of Rule 36 is to expedite trial by determining which issues are in genuine dispute"). In answering a request for admissions, the answering party must admit, deny, or "set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a); *Heyman*, 1994 WL 258903, at *1.

### 1. Lawrence Marchetti

Plaintiffs challenge the adequacy of defendant Lawrence Marchetti's ("L. Marchetti") answers to Request to Admit Nos. 5-12, 31, 55, 109, 117-119, 127, 128 and 130-34.

#### a. Request Nos. 5-12, 117-119, 127, 128 and 130-134

Request Nos. 5-12, 117-119, 127, 128 and 130-134 ask L. Marchetti to admit the genuineness of certain documents. In response to requests 5-12, L. Marchetti stated that he "made reasonable inquiry and the information known or readily obtainable by [him] is insufficient to enable [him] to admit or deny." With respect to requests 117-119, 127, 128 and 130-134, L. Marchetti stated that he could not admit or deny the statements because he has no knowledge whether the referenced documents are true and genuine copies of documents produced by third parties – *i.e.*, plaintiffs' auditors and defendants Stefano Marchetti and Sag Bridges Enterprises. He claimed that "any inquiry [he] could make would require [him] to rely

2

on knowledge of third parties which defendants need, and will, not do." *See* Exs. 3 and 4 to Pl. Mem.

> In answering requests to admit, a party
>
> may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Fed. R. Civ. P. 36(a). What constitutes "reasonable inquiry" and what material is "readily obtainable" depends upon the facts of each case. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). Under certain circumstances, parties may be required to inquire of third parties to properly respond to requests to admit. *See, e.g., In re Gulf Oil/Cities Serv. Tender Offer Litigation*, Nos. 82 Civ. 5253, 87 Civ. 8982(MBM), 1990 WL 657537, at *3-4 (S.D.N.Y. May 2, 1990) (plaintiff must consult non-parties' counsel to confirm data derived from figures in documents produced by non-party, where plaintiff and non-party had parallel interests and had been closely cooperating in conducting discovery in two related cases); *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 593-94 (W.D.N.Y. 1981) (if, without extraordinary expense or effort, defendant may be able to respond to requests based upon information secured from co-defendants and their counsel, such efforts must be made).

Generally, however, a reasonable inquiry is limited to review and inquiry of those persons and documents that are within the responding party's control. *T. Rowe Price Small-Cap Fund, Inc.*, 174 F.R.D. at 43. "Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the

necessary and appropriate response." *Taborn*, 2001 WL 138908, at *1 (quoting *T. Rowe Price Small-Cap Fund, Inc.*, 174 F.R.D. at 42). A party is not generally required to question unsworn third parties. *Id.* at *2.

Plaintiffs argue that L. Marchetti has not demonstrated that he made a reasonable inquiry into the genuineness of the documents. At first blush, this appears to be true with respect to requests 117-119, 127, 128 and 130-134 because L. Marchetti acknowledges that he did not in fact conduct any such inquiry on the grounds that it would require him to rely on the knowledge of third parties. But such reliance is permissible under Rule 36. *See Lambert v. Owens*, No. 99 C 50076, 2002 WL 1838163, at *1 (N.D. Ill. Aug. 9, 2002) ("[p]laintiff is not permitted to merely rely on his lack of personal knowledge when responding to requests to admit" but must "make reasonable inquiry, as to third parties if necessary, in an effort to comply with Rule 36(a)").

However, the documents at issue were produced by plaintiffs, by L. Marchetti's brother Stefano, and by Stefano's business. L. Marchetti is certainly not required to ask plaintiffs about the genuineness of the documents they produced. And the Court recognizes that L. Marchetti does not have an amicable relationship with any of his brothers, including Stefano, so it would not be reasonable for him to ask Stefano about the documents he produced. L. Marchetti should confirm that he personally reviewed the documents in question, but otherwise his answers are sufficient.

With respect to requests 5-12, L. Marchetti states that he did make a reasonable inquiry and is still unable to admit or deny the genuineness of the documents. The documents were all produced by plaintiffs during discovery and, as noted, it is not reasonable to require L. Marchetti

to ask plaintiffs whether they are genuine. Nor would it be reasonable for him to ask his brothers, assuming they had such knowledge. L. Marchetti's answers to requests 5-12 are sufficient and there is no basis for plaintiffs' motion to compel.

### b. Request Nos. 31, 55 and 109

L. Marchetti objects to requests 31, 55 and 109 to the extent they call for a legal conclusion. Def. Mem., pp. 1-2. A party cannot be asked to admit a legal conclusion. However, "requests on mixed matters of law and fact or other legal conclusions that directly relate to the facts of the case are authorized." *Hart v. Dow Chemical*, No. 95 C 1811, 1997 WL 627645, at *8 (N.D. Ill. Sept. 30, 1997). As written, request 109 asks L. Marchetti to admit to a provision of ERISA. This is not proper under Rule 36 and plaintiffs' motion to compel an additional response to this request is denied. *See English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (requests improperly called for legal conclusion where they asked defendants to "admit to the existence of the statutes under which Plaintiff brings this action").

Requests 31 and 55, on the other hand, ask L. Marchetti to apply facts to the law. Plaintiffs argue that the documents L. Marchetti needs to answer the requests are in the possession of defendant Como Inn. Review of these documents would be part of a reasonable inquiry and L. Marchetti must do so if he has not already. If he still cannot admit or deny the requests after making the inquiry, he must provide a detailed explanation why that is so. *See United States v. Board of Education of Consol. High School District 230, Palos Hills, Illinois* ("*Board of Education*"), No. 88 C 3113, 1990 WL 56148, at *2 (N.D. Ill. Jan. 11, 1990) (a party must set forth in detail the reasons he cannot admit or deny a request).

## 2. Sag Bridge Enterprises, Stefano Marchetti and Montefiori Collections

Plaintiffs challenge the adequacy of defendants Sag Bridge Enterprises, Stefano Marchetti and Montefiori Collections' ("S. Marchetti et al.") answers to Request to Admit Nos. 1-20, 27, 28, 31, 34-38, 47, 52, 54, 61, 74, 115, 117-20, 122, 123, 128-38.[1]

### a. Request Nos. 115, 117-120, 122, 123, 129, 137 and 138

Request Nos. 115, 117-120, 122, 123, 129, 137, and 138 ask S. Marchetti et al. to admit or deny the genuineness of certain documents. S. Marchetti et al. argue that Stefano spent three days reviewing over 2,500 documents and "only then determined that he was unable to truthfully admit or deny the genuineness of these documents." Def. Mem., p. 2. They note that other named defendants, including Lawrence Marchetti, have admitted to the genuineness of most of the documents, and they claim that Paul, Lawrence and Joe Marchetti have the knowledge about the documents in question because they were running the Como Inn, Inc. and trusts. According to S. Marchetti et al., "Plaintiffs settled with the parties that had the most knowledge about discovery and requests to admit [*i.e.*, Paul, Joe's Estate and the Como Inn, Inc.] and are now looking to Stefano to bail them out, the party with the least amount of knowledge." Def. Mem., p. 4.

Stefano's personal review of the documents does constitute a reasonable inquiry in this case. Though in some circumstances a party may be required to make a reasonable inquiry of his co-defendants, *see Al-Jundi*, 91 F.R.D. at 593-94, such a requirement would not be reasonable

---

[1] Plaintiffs have withdrawn their objections to S. Marchetti et al.'s answers to Request to Admit Nos. 21-24, 30, 32, 33, 39-46, 48-51, 53, 57, 60 and 109. Pls. Reply, p. 6.

here because Stefano does not have an amicable relationship with his brothers. Plaintiffs' motion to compel further responses to requests 115, 117-120, 122, 123, 129, 137, and 138 is denied.

### b. Request Nos. 135 and 136

Request Nos. 135 and 136 ask S. Marchetti et al. to admit the genuineness of public documents filed with the United States Bankruptcy Court for the Northern District of Illinois. S. Marchetti et al. stated that they made a reasonable inquiry and are still unable to admit or deny the genuineness of those documents. They do not, however, provide any explanation why this is so. S. Marchetti et al. are ordered to set forth in detail the reasons why they cannot admit or deny the statements; "[o]therwise, the Court cannot make a determination as to whether [they have] fulfilled [their] obligation to make a reasonable inquiry into these matters." *See Board of Education*, 1990 WL 56148, at *2.

### c. Request Nos. 1-20, 27, 28, 31, 34-38, 47, 52, 54, 61, 74, 128 and 130-134

S. Marchetti et al. state that L. Marchetti already admitted requests 1-4, 13-24, 27, 28, 30, 32-46, 48-52, 60, 61 and 74. For the reasons stated, the Court will not require Stefano to make an inquiry of his brother in order to answer those requests himself. Requests 5-12, 31, 47, 54, 128 and 130-134 all relate to documents produced by plaintiffs in discovery. S. Marchetti et al. state that they made a reasonable inquiry into the genuineness of the documents by having Stefano review them. The Court agrees that this is sufficient and no further response is required.

### B. Interrogatories

Plaintiffs' remaining two motions challenge the sufficiency of defendants' responses to interrogatories. Fed. R. Civ. P. 33(b)(1) states:

> Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

Rule 33 was amended in 1993 "to emphasize the duty of the responding party to provide full answers to the extent not objectionable." Fed. R. Civ. P. 33(b) advisory committee's note. In responding to an interrogatory, a party must include all information within his knowledge or control. *See Lambert v. Houi*, No. 99 C 50076, 2002 WL 169367, at *1 (N.D. Ill. Jan. 31, 2002). "[P]ersonal lack of knowledge does not excuse [a party's] failure to answer the interrogatories, because [the] duty to fully answer implies a duty to make reasonable efforts to obtain information within the knowledge and possession of others." *Jones v. Syntex Laboratories, Inc.*, No. 99 C 3113, 2001 WL 1338987, at *3 (N.D. Ill. Oct. 30, 2001).

1. **Stefano Marchetti**

Plaintiffs seek to compel S. Marchetti to answer Interrogatory Nos. 2, 3, and 5-11 from Plaintiffs' Combined Second Set of Interrogatories and Second Request for Production of Documents. Plaintiffs have not explained how S. Marchetti's answers to interrogatories 2 and 3 are deficient and their motion to compel additional responses to these requests is denied. With respect to interrogatories 5-11, S. Marchetti refers plaintiffs to documents produced during discovery. This is proper under Rule 33(a)(c), but only if the referenced documents are clearly identified. *See Lambert v. Houi*, No. 99 C 50076, 2001 WL 893424, at *3 (N.D. Ill. Aug. 7, 2001) ("answers to interrogatories may be derived from records as long as the records indicated are clearly identified"). Thus, S. Marchetti must specifically identify all documents relied upon in answering interrogatories 5-11.

2. **Lawrence Marchetti**

Plaintiffs seek to compel L. Marchetti to respond to Interrogatory Nos. 1-9 of their Combined Second Set of Interrogatories and Second Request for Production of Documents. However, plaintiffs have not explained how any of those responses are deficient. Thus, the motion to compel is denied. *See United States v. Amerson*, 185 F.3d 676, 689 (7th Cir. 1999) ("[g]iven our adversarial system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel").

## CONCLUSION

For the reasons stated above, plaintiffs' motions to determine the sufficiency of the answers to Requests for Admission and motion to compel discovery from Stefano Marchetti (Docket Entry #72-1, 74-1 and 75-1) are granted in part and denied in part. Plaintiffs' motion to compel discovery from Lawrence Marchetti (Docket Entry #73-1) is denied. Plaintiffs' motions for sanctions (Docket Entry #74-2 and 75-2) are also denied. Defendants' amended responses are due by May 9, 2003.

*[signature]*

NAN R. NOLAN
United States Magistrate Judge

Dated: April 25, 2003